IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4104 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| LORETTA L. CONSTANCE, KEITH CONSTANCE, TAMARA CONSTANCE PLUNKETT, and RITA IRVIN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| RITA S. IRVIN, | ) | |
| | ) | |
| Cross-plaintiff/Counter cross-defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LORETTA L. CONSTANCE, KEITH CONSTANCE, TAMARA CONSTANCE PLUNKETT, | ) ) ) | |
| | ) | |
| Cross-defendants/Counter cross-plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

In June 2008, Eugene Constance named Keith and Tamara, his children with his wife Loretta, as equal beneficiaries of his Lincoln Benefit life insurance policy. In March 2012, Eugene filed for divorce from Loretta. On August 25, 2012, Eugene purportedly signed and submitted to Lincoln a change of beneficiary form that named his fiancé, Rita Irvin, as the sole beneficiary of the policy. On October 5, 2012, while the divorce case was still pending, Eugene died. Because the parties dispute who is entitled to the proceeds, Lincoln filed this interpleader action and deposited the funds with the Court. The case is before the Court on Rita's motions to dismiss Loretta from the

suit, to dismiss the counter cross-claims asserted against her, and to bar from trial any evidence from or about Eugene and Loretta's divorce proceedings.

**Motion to Dismiss Loretta**

Loretta, Keith and Tamara allege that the change of beneficiary form naming Rita as the sole beneficiary is invalid because: (1) Eugene's signature was forged on it; and/or (2) an agreed order entered in the divorce proceeding stripped Eugene of the power to change the beneficiary. Rita argues that Loretta has no stake in the outcome of these claims, as she was never named as, and does not claim that she should be, a beneficiary of the Lincoln policy. Because Loretta will not benefit from winning this suit or be harmed by losing it, Rita contends that she lacks standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (stating that a plaintiff has Article III standing if she has suffered, or imminently will suffer, a "concrete and particularized" injury that is traceable to defendant's conduct and is likely to be redressed by a decision in the plaintiff's favor).

Loretta contends that she has standing because she is "the appointed representative and the sole beneficiary of the intestate [Eugene's] estate." (Loretta's Resp. Rita's Mot. Dismiss Loretta at 2 [Dkt. 72].) Loretta is not, however, suing in her capacity as representative of Eugene's estate, and the proceeds of the insurance policy are not part of his estate. *See Prignano v. Prignano*, 934 N.E.2d 89, 103 (Ill. App. Ct. 2010) ("[I]nsurance proceeds are paid directly to the designated beneficiary and therefore generally do not pass through probate."); *Gartley v. Gartley*, 622 So. 2d 77, 78 (Fla. App. Ct. 1993) ("Proceeds of life insurance, payable to an individual beneficiary, do not

2

pass through the estate of the deceased.").[1]  Moreover, the possibility that Loretta, as the sole beneficiary of Eugene's estate, will be sued by and held liable to her children if they lose here, is too speculative to confer standing on her for this suit.  *See Clapper v. Amnesty Int'l USA*, __ U.S. __, 133 S. Ct. 1138, 1147 (2013) (stating that "'[a] threatened injury must be *certainly impending* to constitute injury in fact,'" and  "'[a]llegations of *possible* future injury' are not sufficient") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (emphasis in original).  Accordingly, the Court dismisses Loretta from this suit for lack of standing.

**Motion to Dismiss Counter Cross-Claims & Bar Evidence**

Rita contends that Keith and Tamara's counter cross-claim for a declaration that the change of beneficiary is invalid due to fraud or forgery is not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).  *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (stating that allegations of fraud in non-fraud claims must comply with Rule 9). The Court disagrees.  Keith and Tamara allege that Rita submitted a form to Lincoln that named her as the sole beneficiary of Eugene's life insurance policy when she knew that Eugene's signature had been forged on it.   Those allegations are sufficient to satisfy Rule 9.

Rita argues that the second counter cross-claim, for a declaration that the beneficiary change was invalid because Eugene did not have the power to make it, should be dismissed because it does

---

[1] If, as it appears, Eugene's estate is being administered in Florida, that state's law likely governs this issue.  Because there is no conflict between Florida and Illinois law, however, the Court need not make a choice-of-law determination.  *See Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992).

3

not "make a coherent argument upon which relief can be granted" and tries to enforce the rights of Excel Railcar Corporation, which is not a party to this suit. (Rita's Mem. Law Supp. Mot Dismiss Counter Cross-Claims at 6-7.) Again, the Court disagrees. Keith and Tamara allege that Excel Railcar Corporation was one of Eugene and Loretta's marital assets, that Excel paid all of the premiums for the Lincoln policy, and thus the policy was both a marital asset and a corporate asset of Excel. (Counter Cross-Claim, Count II ¶¶ 1-5.) They also allege that on July 30, 2012, the divorce court entered an agreed order restraining Loretta and Eugene from "transferring, concealing or otherwise disposing of any corporate interest . . . in Excel Railcar Corporation . . . . until further order of Court." (*See* Compl., Ex. F, Pet. Declare Transfer Beneficiary Life Insurance Policies Void, Ex. 1, July 30, 2012 Order, *In re Marriage of Constance*, No. 12 D 669 (Cir. Ct. DuPage Cnty.).) Keith and Tamara assert that, by agreeing to the order, Eugene relinquished whatever right he may have had to change the beneficiary of the policy. Whether Excel and the Lincoln policy are indeed marital assets, and what Loretta and Eugene intended the agreed order to mean are fact issues that must be determined at trial. *See Vill. of Lakemoor v. First Bank of Oak Park*, 482 N.E.2d 1014, 1019 (Ill. App. Ct. 1985) ("An agreed order is a written agreement between the parties and is to be interpreted as any other contract."). Accordingly, Rita's motion to dismiss the counter cross-claims [60], and her motion to bar evidence from or about the divorce proceedings [62], which is based on the same arguments, are denied.

**Conclusion**

For the reasons stated above, the Court grants Rita's motions to dismiss Loretta from this suit for lack of standing [57] and denies Rita's motions to dismiss the counter cross-claims [60] and to bar evidence from or about Eugene and Loretta's marriage dissolution proceedings [62]. At the next status hearing, the Court will set a trial date.

**SO ORDERED.**	**ENTERED: June 13, 2014**

_____
**HON. RONALD A. GUZMAN
United States District Judge**